**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-60612
Summary Calendar

CARLOS FIELDS,

Plaintiff,

VERSUS

WILLIAM M. QUINN,

Defendant.

------------------------------------------------------------------

L.D. WILLIS, JR., Administrator of the Estate of Leonard D.
Haggan, Deceased, individually and on behalf of the wrongful
death beneficiaries of Leonard D. Haggan, Deceased,

Plaintiff - Appellant,

VERSUS

WILLIAM M. QUINN,

Defendant - Appellee.

Appeals from the United States District Court
for the Northern District of Mississippi
(2:98-CV-11)

April 20, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

Per Curiam:[1]

Plaintiffs appeal the district court's judgment on the jury verdict and its denial of their motion for a new trial. For the following reasons, we affirm.

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BACKGROUND

Carlos Fields ("Fields") was injured and Leonard Haggan ("Haggan") was killed in an automobile accident in Mississippi. Fields and L.D. Willis, the administrator of Haggan's estate ("Plaintiffs"), sued William Quinn ("Quinn") in Mississippi state court. Quinn removed the suit to federal court. The Plaintiffs filed several motions in limine, including a motion to exclude any references to or evidence of alcohol use by any party involved in the accident.

Because the district court had not ruled on the motions in limine when the jury selection process began, it directed the parties not to discuss during voir dire matters that were the subject of the motions. Neither before nor during jury selection, did any party request permission or otherwise express the need to question prospective jurors about matters which were the subject of motions in limine. After the jury was empaneled, the court denied the Plaintiff's motion to exclude evidence of alcohol use.

The following day, the Plaintiffs moved to strike the jury panel. They argued that they were unable to properly voir dire the jury panel because the court did not rule on their motion to exclude evidence of alcohol use until after voir dire. The district court denied the motion. Subsequently, the jury returned a unanimous verdict for the Defendant, and the Plaintiffs unsuccessfully moved for a new trial. The Plaintiffs appeal.

## DISCUSSION

I.   **Directing Counsel not to Address the Subject of Alcohol During Voir Dire.**

2

"[R]ulings on the scope of voir dire are committed to the discretion of the trial court and the failure to permit certain questions is not grounds for reversal absent a showing of error and prejudice." Sandidge v. Salen Offshore Drilling Co., 764 F.2d 252, 257 (5th Cir. 1985). Absent an objection, we review such rulings for plain error. See id. The Plaintiffs contend that the district court abused its discretion by prohibiting questions addressing the subject of alcohol during voir dire. They maintain that the district court prevented them from discovering juror bias on the issue of alcohol. We disagree.

Under Fed. R. Civ. P. 46 a party must "make[] known to the court the action which the party desires the court to take or the party's objection to the action of the court." In Ford v. United Gas Corp., 254 F.2d 817, 818 (5th Cir. 1958), we stated that "[a] litigant may not, speculating on a verdict without making objection, keep silent while matters are transpiring in the trial court and then put the trial judge in error by assigning error in the appellate court . . . except in a case . . . of plainly prejudicial error." Here, the Plaintiffs did not did not attempt to conduct voir dire on the subject of alcohol or otherwise express the need to question potential jurors on that subject. In fact, the Plaintiffs' motion in limine requested that the district court order the Defendant "not to mention, divulge, introduce or attempt to introduce into evidence . . . [a]ny reference or evidence of any use of alcohol."

In King v. Jones, 824 F.2d 324, 326 (4th Cir. 1987), the

plaintiff submitted a long list of argumentative questions for the judge to ask the jury venire.  When the district court refused to ask the questions, the plaintiff did not object.  Holding that the plaintiff did not preserve the issue for appeal, the Fourth Circuit stated:

> Under Fed. R. Civ. P. 46, a party must make known to the court the action which he desires to take or his objection to the action of the court and his grounds therefore.  If there are particular voir dire questions which counsel deems essential, and that refusal to ask them may be reversible error, counsel must so advise the court, and state his reasons before the court's voir dire of the prospective jurors is completed.

Id.  Because the Plaintiffs did not object to the scope of voir dire and we find no plain error, we affirm on this issue.

## II.  The District Court's Failure to Rule on the Motion in Limine Prior to Jury Selection

The Plaintiffs contend that the district erred by failing to rule on the motion in limine prior to voir dire.  Although it is clearly a preferable practice to rule on motions in limine before jury selection, the failure to do so in this case is not reversible error.[2]  The Plaintiffs did not object to the court's failure to rule on the motion prior to voir dire and, therefore, have no complaint on appeal.

In United States v. Wagoner, 713 F.2d 1371, 1374 (8th Cir. 1983), the defendant brought a motion in limine to exclude evidence of his other wrongful acts.  The district court did not rule on the motion before trial and the defendant did not renew the motion. The

---

[2]See 3 Moore's Federal Practice § 1677[4][d][I] (1998) (noting that motions in limine should be resolved before trial).

defendant maintained that the court's failure to rule on the motion before trial was error. See id. The Eighth Circuit rejected the defendant's argument, reasoning that "[i]t was incumbent on [the defendant] to obtain a ruling on his motion and [his failure] to do so leaves nothing for review." Id.; see also Fed. R. Civ. P. 46.

**III. The District Court's Refusal to Strike the Jury Panel**

The Plaintiffs maintain that the district court erred by refusing to strike the jury panel. We disagree. Because the Plaintiffs did not object to the jury until it was empaneled, the motion to strike the jury panel was untimely.

In Donaldson v. O'Connor, 493 F.2d 507, 528 (5th Cir. 1974), vacated and remanded on other grounds, 95 S.Ct. 2486 (1975), the defendants contended that physicians had been systematically excluded from the jury rolls. They objected to the jury on the first day of trial, after the jury had been empaneled and sworn. See id. The district court ruled that the defendants' objection was untimely. Affirming the district court, we stated that "the trial court correctly held that the objection was not timely raised, since the defendants had not raised the objection until after the jury was empaneled." Id. See also Joynor v. Berman Leasing Company, 398 F.2d 875, 878 (5th Cir. 1968) (stating that "[a] challenge to the entire jury panel, even if otherwise properly presented, is untimely and impermissible if it is brought on after commencement of the trial.").

## CONCLUSION

We affirm the district court's judgment on the jury verdict

5

and its denial of the Plaintiffs' motion for a new trial.

AFFIRMED.